UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT McCULLOCK,<br><br>   Petitioner<br><br>   v.<br><br>MARCUS POLLARD (WARDEN),<br><br>   Respondent. | Case No. 2:21-cv-00317-JFW (GJS)<br><br>ORDER: DISMISSING PETITION AS SECOND OR SUCCESSIVE; DENYING CERTIFICATE OF APPEALABILITY; AND REFERRING PETITION PURSUANT TO NINTH CIRCUIT RULE 22-3(a) |

   On March 10, 2006, Petitioner, a state prisoner, commenced a 28 U.S.C. § 2254 action in Case No. 2:06-cv-01516-JFW (the "Prior Petition"). The Prior Petition sought habeas relief with respect to Petitioner's 2004 Los Angeles County Superior Court conviction and related sentence of 30 years to life in Case No. NA055235 (the "State Conviction") and raised 43 claims. On July 14, 2009, the Court denied the Prior Petition on its merits and dismissed the case with prejudice, and Judgment was entered.[1]

   Petitioner appealed the denial of the Prior Petition to the United States Court of Appeals for the Ninth Circuit (Case No. 09-56235). On March 23, 2011, the

---

[1]  Petitioner filed an earlier Section 2254 challenge to the State Conviction in Case No. 2:05-cv-06856-JFW (FMO). That action was dismissed on October 7, 2005, without prejudice, for lack of exhaustion.

Ninth Circuit denied a certificate of appealability.[2]

Over nine years passed. On January 11, 2021, Petitioner filed the instant Petition, which again challenges the State Conviction. The Petition raises a single claim, which is cursory to say the least. Petitioner states simply that the "CDCR and State of California says my conviction is violent," and based on *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *Dade v. United States*, 2019 WL 361587 (D. Id. Jan. 29, 2019), his conviction "clearly" "is not violent." [Petition at 5.]

Petitioner alleges that he exhausted his present habeas claim through a habeas proceeding brought in the California Supreme Court (Case No. S264221), in which the state high court denied his petition summarily on December 9, 2020. Even assuming that the claim raised in the Petition may be exhausted, it is not presently cognizable, for the following reason.

## DISCUSSION

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.*, 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions not applicable here, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).

Even when Section 2244(b)(2) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in

---

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of its records and files, as well as the Ninth Circuit dockets available electronically through the PACER system.

this District Court must <u>first</u> obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)." *Burton v. Stewart*, 549 U.S. 147, 152 (2007).

The Prior Petition raised numerous federal constitutional claims challenging the State Conviction and was denied on its merits over 11 years ago. The instant Petition once more challenges the State Conviction, albeit on a different ground, and it, therefore, is second or successive within the meaning of Section 2244(b)(2).

Whether or not the claim alleged in the current Petition may, as a prima facie matter, satisfy the requisites of 28 U.S.C. § 2244(b)(2) is a question that must be presented to and resolved by the Ninth Circuit, not this District Court.[3] The Court has reviewed the Ninth Circuit's dockets and there is no indication that Petitioner

---

[3] Petitioner relies on *Dimaya* as a "new" basis for relief, but it is questionable that the claim raised by Petitioner can meet the requirements of Section 2244(b)(2)(A). Apart from the fact that the Supreme Court has not yet made *Dimaya* retroactively applicable to cases on collateral review, the decision does not appear to be applicable to Petitioner's situation. *Dimaya*, brought by an immigrant subject to deportation, found that the definition of a "crime of violence" set forth in the residual clause of 18 U.S.C. § 16(b) – which was incorporated into the immigration deportation statute at issue – was unconstitutionally vague. *Dade,* brought by a federal prisoner, also involved an allegedly wrongful use of the residual clause in 18 U.S.C. § 16(b). Petitioner, however, does not point to any use of or reliance on a residual clause in his case, much less any finding that his crime was "violent," as he alleges. Petitioner was convicted of the continuous sexual abuse of a child under 14 (California Penal Code § 288.5(a)), with a finding of a prior conviction for willful commission of a lewd and lascivious act on a child under 14 (California Penal Code § 288(a)). He was sentenced as a habitual sexual offender pursuant to California Penal Code § 667.71 to the prescribed term of 25 years, with an added five-year term imposed pursuant to California Penal Code § 667(a)(1) (habitual commission of serious felonies). [*See* Prior Petition action, Docket 60 at 2.] California Penal Code § 1192.7(c) defines both of the above crimes as "serious" felonies. Petitioner's conviction and sentence do not appear to involve any reliance on a "residual clause" of the type at issue in *Dimaya* to convict and/or sentence him. Petitioner has not made any argument, much less a showing, as to how the *Dimaya* decision – which found a provision in federal sentencing law to be unconstitutionally vague – has any bearing on the constitutionality of the provisions of the California Penal Code defining the specific offenses that qualify as "serious" or "violent" felonies for state sentence enhancement purposes. Thus, it seems possible that Section 2244(b)(2)(A) may not be met here, but in any event, it is up to the Ninth Circuit to decide whether or not Petitioner satisfies the statute as a prima facie matter.

has sought, much less obtained, authorization from the Ninth Circuit to bring the instant Petition, and thus, the Court is without jurisdiction to entertain it. 28 U.S.C. § 2244(b)(3)(A); *see also Burton*, 549 U.S. at 157 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.").

  Accordingly, IT IS ORDERED that: the Petition is dismissed without prejudice; and Judgment shall be entered dismissing this action without prejudice.

  In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

  IT IS FURTHER ORDERED that the Clerk of the Court shall refer the Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a).

**IT IS SO ORDERED.**

DATED: _January 15, 2021_____

              _____
              JOHN F. WALTER
              UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE